UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY J. JOHNSTON, as
Personal Representative of the
Estate of CATHERINE E. JOHNSTON,
Deceased,

      Plaintiff,

v.

DUANE RAYMOND LAMONT and
DAWN MARIE LAMONT,
Jointly and Severally,

      Defendants.

Case No:

HON.

---

Andrija Dragovic (P67807)
Sommers Schwartz, P.C.
Attorneys for Plaintiff
One Towne Square, 17th Floor
Southfield, Michigan 48076
(248) 746-4097
adragovic@sommerspc.com

---

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, WESLEY J. JOHNSTON, as Personal Representative of the Estate of CATHERINE E. JOHNSTON, Deceased, by and through his attorneys, SOMMERS SCHWARTZ, P.C., and complaining against the above-named Defendants, states as follows:

**JURISDICTION**

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332: Diversity of Citizenship, which grants Federal District Courts original jurisdiction over civil matters between citizens of different states, or between U.S. citizens and foreign states or citizens.

2.      Plaintiff, WESLEY J. JOHNSTON, as Personal Representative of the Estate of CATHERINE E. JOHNSTON, Deceased, is a citizen of the United States, and is and was on the date of the incidents as alleged herein, resided in the City of Reston, Fairfax County, in the State of Virginia.

3.      Plaintiff's Decedent, CATHERINE E. JOHNSTON, was a citizen of the United States, and on the date of the incidents as alleged herein, resided in the City of Reston, Fairfax County, in the State of Virginia.

4.      Defendant, DUANE RAYMOND LAMONT, is and was at all times relevant to these claims, a citizen of the United States and resident of the City of Deckerville, County of Sanilac, State of Michigan.

5.      Defendant, DAWN MARIE LAMONT, is and was at all times relevant to these claims, a citizen of the United States and resident of the City of Deckerville, County of Sanilac, State of Michigan.

6.      The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) and is otherwise within the jurisdiction of this Court.

2

**STATEMENT OF CLAIM/FACTUAL ALLEGATIONS**

7.     Plaintiff incorporates the preceding paragraphs by reference.

8.     Two days after her first grandchild was born, on September 16, 2025, at approximately 11:10 a.m., Plaintiff's Decedent, CATHERINE E. JOHNSTON, was legally riding her bicycle south on Lakeshore Road in the Township of Forester, County of Sanilac, State of Michigan.

9.     Plaintiff's Decedent, CATHERINE E. JOHNSTON, was wearing a highly visible pink shirt and had on her helmet.

10.     Defendant, DUANE RAYMOND LAMONT, was the operator of a 2013 General Motors SRA pickup truck, bearing Vehicle Registration 8MXC11, and Vehicle Identification Number 3GTP2VE71DG153192, traveling south on Lakeshore Road, in the Township of Forester, County of Sanilac, State of Michigan.

11.     Defendant, DAWN MARIE LAMONT, was the owner of the 2013 General Motors SRA pickup truck, bearing Vehicle Registration 8MXC11, and Vehicle Identification Number 3GTP2VE71DG153192 that was being operated by Defendant, DUANE RAYMOND LAMONT.

12.     While driving south on Lakeshore Road, Defendant, DUANE RAYMOND LAMONT, forcefully struck and crashed into the rear end of Plaintiff's Decedent, CATHERINE E. JOHNSTON'S bicycle.   Mr. Lamont

3

struck Ms. Johnston with such force that he demolished her bicycle, threw her body a considerable distance, and caused considerable external and internal blunt force trauma.  Ms. JOHNSTON was attended to by medical personal at the scene, but her injuries were such that she died before she could be transported to the hospital.

13.    The weather was clear that day, and Ms. Johnston clearly visible to an undistracted driver.  In fact, the stretch of Lakeshore Road, where Defendant, DUANE RAYMOND LAMONT struck and killed Ms. Johnston is flat with an unobstructed view for approximately seven tenths of a mile.

14.    Defendant, DUANE RAYMOND LAMONT, did not brake before striking the clearly visible decedent.

15.    Defendant, DUANE RAYMOND LAMONT, made inconsistent statements about the events that caused the decedent's death.

16.    The Sanilac County Sheriff's Office arrived at the scene and *Hazardous Action Failed to Yield* was noted on the State of Michigan Traffic Crash Report regarding Defendant, DUANE RAYMOND LAMONT.

17.    Investigating officers observed indicia of operating under the influence, including observations made at the scene and from the results of blood draw and toxicology report.

4

18.    There is no dispute that Defendant, DUANE RAYMOND LAMONT, was at fault in striking, and in causing the death of, Plaintiff's Decedent, CATHERINE E. JOHNSTON.

## COUNT I
## MOTOR VEHICLE NEGLIGENCE
## DEFENDANT, DUANE RAYMOND LAMONT

19.    Plaintiff incorporates the preceding paragraphs by reference.

20.    Defendant, DUANE RAYMOND LAMONT, owed Plaintiff's Decedent, CATHERINE E. JOHNSTON, the duty to operate said motor vehicle in a careful and prudent manner, in accordance with the laws of the State of Michigan and the rules of common law pertaining to the operation of a motor vehicle upon the roads.

21.    Defendant, DUANE RAYMOND LAMONT, breached the duty to Plaintiff's Decedent, CATHERINE E. JOHNSTON, by failing to pay ordinary attention to the roadway.

22.    Defendant, DUANE RAYMOND LAMONT, breached the duty to Plaintiff's Decedent, CATHERINE E. JOHNSTON, by failing to yield and allow enough space between his vehicle and Plaintiff's Decedent's bicycle while she was riding her bicycle south on Lakeshore Road in the southbound lane, causing his motor vehicle to crash into her.

5

23.     Upon information and belief, Defendant, DUANE RAYMOND LAMONT, was operating the vehicle while impaired.

24.     Defendant, DUANE RAYMOND LAMONT, further breached his duties to Plaintiff's Decedent, CATHERINE E. JOHNSTON, in the following particulars:

a.     Driving said motor vehicle in a willful and wanton disregard for the safety of persons or property, in violation of the provisions of MCL 257.626;

b.     Driving said motor vehicle in a careless or negligent manner likely to endanger any persons or property, in violation of MCL 257.626(B);

c.     Operating a motor vehicle while intoxicated or impaired by prescribed medications (Pregabalin) in violation of MCL 257.625;

d.     Failing to operate said motor vehicle upon the highway at a speed not greater than would permit Defendant driver to bring said motor vehicle to a stop within the assured clear distance ahead in violation of MCL 257.627;

e.     Failing to operate said motor vehicle with due care and caution in violation of MCL 257.627;

f.     Driving while distracted in violation of MCL 257.602b;

g.     Failing to ensure a safe passing distance of at least 3 feet to the left of the bicycle, and overtaking a bicyclist in violation of MCL 257.636(2);

h.     Committing a traffic/moving violation causing death violation causing death in violation of MCL 257.601d, and amounting to strict liability;

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE  •  17TH FLOOR  •  SOUTHFIELD, MICHIGAN 48076  •  (248) 355-0300

6

i. Other breaches to be determined by way of discovery.

25. Notwithstanding the duties and obligations imposed upon Defendant, DUANE RAYMOND LAMONT, by the statutes of the State of Michigan and the rules of common law, as hereinbefore mentioned, Defendant, DUANE RAYMOND LAMONT, omitted and neglected to obey each and all and every particular and, as a true and proximate result of the violation thereof, caused the motor vehicle incident described herein and directly caused the Plaintiff's Decedent, CATHERINE E. JOHNSTON's death that same date, September 16, 2025, due to the multiple blunt force injuries she suffered.

26. There is no dispute as to whether Plaintiff's Decedent, CATHERINE E. JOHNSTON's injuries/death were caused by the crash.

WHEREFORE, Plaintiff, WESLEY J. JOHNSTON, as Personal Representative for the Estate of CATHERINE E. JOHNSON, Deceased, claims judgment against Defendant, DUANE RAYMOND LAMONT, for whatever amount Plaintiff is found to be entitled as determined by the trier of fact, together with interest, costs, and attorney fees.

## COUNT II
## OWNER LIABILITY (MCL 257.401)
## DEFENDANT, DAWN MARIE LAMONT

27. Plaintiff incorporates the preceding paragraphs by reference.

7

28. At the time of the motor vehicle incident herein, Defendant, DAWN MARIE LAMONT, was the owner of the above-described motor vehicle operated by Defendant, DUANE RAYMOND LAMONT.

29. Defendant, DUANE RAYMOND LAMONT, was operating said vehicle with the implied and/or express consent of the owner of the vehicle, Defendant, DAWN MARIE LAMONT.

30. At the time of the motor vehicle incident herein, Defendant, DUANE RAYMOND LAMONT was the spouse of Defendant, DAWN MARIE LAMONT, and therefore, consent of the owner is presumed.

31. Pursuant to MCL 257.401, commonly referred to as Michigan's Owner Liability Statute, Defendant, DAWN MARIE LAMONT, is liable for the negligence and/or reckless conduct of Defendant, DUANE RAYMOND LAMONT, and the resultant injuries/death Plaintiff's Decedent, CATHERINE E. JOHNSTON, sustained.

WHEREFORE, Plaintiff, WESLEY J. JOHNSTON, as Personal Representative of the Estate of CATHERINE E. JOHNSTON, Deceased, claims judgment against Defendant, DAWN MARIE LAMONT, in whatever amount he is found to be entitled, as determined by the trier of fact, together with interest, costs and attorney fees.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

**WRONGFUL DEATH**

32.     Plaintiff incorporates the preceding paragraphs by reference.

33.     Plaintiff, WESLEY J. JOHNSTON, has been duly appointed Personal Representative of the Estate of CATHERINE E. JOHNSTON, Deceased, in the Circuit Court of the First Circuit State of Hawaii on November 6, 2025.

34.     As a result of the wrongful death of CATHERINE E. JOHNSTON, Plaintiff, WESLEY J. JOHNSTON, now brings this action pursuant to the Wrongful Death Statute of the State of Michigan.

35.     Plaintiff's Decedent, CATHERINE E. JOHNSTON, at the time of her death, was the age of 60 years. She is survived by her husband, Plaintiff, WESLEY J. JOHNSTON, children, grandchildren, parent, siblings, and other family members.

36.     Plaintiff, WESLEY J. JOHNSTON, as Personal Representative of the Estate of CATHERINE E. JOHNSTON, is entitled to recover herein such damages as shall be deemed fair and just with reference to pecuniary injuries resulting from the death of said Decedent to those persons who may be entitled to such damages when recovered.  A fair and just measure of such pecuniary injuries, pursuant to the State of Michigan's Wrongful Death

9

Act, MCL 600.2922, includes the following, for which the Plaintiff makes demand:

a. Reasonable compensation for the pain, suffering and mental anguish endured by Plaintiff's Decedent during the interim period of time extending between Defendants' negligence and the ultimate expiration of Plaintiff's Decedent;

b. The necessary and reasonable expenses incurred or paid by reason of hospital, doctors, medical, funeral and burial expenses;

c. The loss of Decedent's spouse, children, grandchildren, parents, siblings of her love, companionship, care, comfort, protection, counsel and society, as well as and including the wounded feelings; in essence, her use and value as part of a functional social and economic unit;

d. Loss of services of Plaintiff's Decedent which necessarily include the value of such services as Plaintiff's Decedent was accustomed to performing;

e. The loss to the children of her nurture, instruction, support and moral/physical education, functional and religious training, affection, companionship, comfort and love as well as, and including, loss of society;

f. The loss to Decedent's husband of her love, companionship, care, comfort, guidance, conjugal fellowship, as well as and including, the value of Decedent's services, counsel, advice and inspiration;

g. Loss of society and companionship generally to the Decedent's loved ones; and

h. Loss of income and earnings.

10

WHEREFORE, Plaintiff, WESLEY J. JOHNSTON, as Personal Representative of the Estate of CATHERINE E. JOHNSTON, Deceased, claims judgment against the Defendants, DUANE RAYMOND LAMONT and DAWN MARIE LAMONT, Jointly and Severally, for whatever amount said Plaintiff is found to be entitled, as determined by the trier of fact, together with interest, costs and attorney fees.

## **DEMAND FOR JURY TRIAL**

Plaintiff, WESLEY J. JOHNSTON, as Personal Representative of the Estate of CATHERINE E. JOHNSTON, Deceased, hereby makes a formal demand for a trial by jury of the facts and issues involved in this matter.

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

By:  /s/ Andrija Dragovic
ANDRIJA DRAGOVIC (P67807)
SOMMERS SCHWARTZ, P.C.
Attorneys for Plaintiff
One Towne Square, 17th Floor
Southfield, Michigan 48076
(248) 746-4097
adragovic@sommerspc.com

Dated:    June 25, 2026

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

11